Paul HEILMAN, et al., individually and as class representatives, Plaintiffs,

v.

PERFECTION CORPORATION, et al., Defendants.

No. 99–0679–CV–W–6.

United States District Court, W.D. Missouri, Western Division.

May 1, 2000.

Ralph K. Phalen, Humphrey, Farrington & McClain, P.C., Independence, MO, Ben Barnow, Barnow and Goldberg PC, Chicago, IL, for Plaintiffs.

John Dods, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, Scott S. Partridge, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Defendants.

SACHS, District Judge.

The requested fee award from defendant manufacturers (agreed to by them) is, in my view, excessive, but, for reasons stated, it will be approved. The parties have agreed to an award of $5,650,000 in a class action brought against water heater manufacturers that was settled prior to any significant in-court proceedings. Some 7500 hours were recorded for the prosecution of the case.

In support of the award, I have written assurance from all parties that the fee negotiations occurred *after* the class claims were settled, subject to court approval. There was thus no potential conflict of interest with the class members (that is, negotiating a large award as an incentive to settle). The fees will not be paid out of the funds committed to be expended on behalf of the purchasers. The defendants have agreed to pay the fees, which they have also assured the court in writing are not out of line with the fees charged by their attorneys.

It would be inappropriately intrusive, in my judgment, for the court to impose its idea of socially-desirable fees on the parties under the circumstances—and could well result in wasteful satellite litigation in the Court of Appeals if I were to do so.

To illustrate my questions about the fee award I note that the attorneys will be receiving more than double their "hourly rates," which are listed to be as high as $520 for several non-resident counsel and $325 for the most active partner in a local law firm. I have previously noted that hourly ratings may be somewhat unrealistic for plaintiffs' counsel who almost invariably take cases under contingent fee arrangements. *In re Marion Merrell Dow, Inc.*, 965 F.Supp. 25, 27 n. 4 (W.D.Mo. 1997).

While doubling or tripling hourly rates could arguably be justified because counsels' time was at risk and compensation was contingent on success, this seems to have been barred as a consideration in contested cases by an opinion of the Supreme Court when, as here, there is fee-shifting to defendants. *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

In defense of the award it is fair to note that it will approximate 10% of the likely recovery, as estimated by the defendants as well as plaintiffs. Such a percentage hardly shocks the conscience when it is unlikely that purchasers would otherwise receive more than the manufacturers were voluntarily prepared to give them. Only one case in small claims court is reported, out of some millions of hot water heater purchasers who suffered damage from a defective dip tube. Individual litigation is plainly not economically attractive.

Under the circumstances I have not found it appropriate to closely critique the award, agreed to in arms-length bargain-

ing between the plaintiffs' counsel and the defendant manufacturers. It is therefore

ORDERED that Class Counsel be awarded $5,650,000 as attorneys' fees and expenses, payable by the manufacturer defendants, for distribution as proposed.